IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER F. GIBSON,

     Plaintiff,                   No. 2:12-cv-2428 KJN P

    vs.

SACRAMENTO COUNTY
SHERIFF DEPARTMENT, et al.,

     Defendants.            ORDER

                                  /

          Plaintiff, a county prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee.

          In addition, plaintiff requested the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the

court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's failure to comply with this order will result in the dismissal of this action;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

3. Plaintiff's September 25, 2012 motion for the appointment of counsel is denied

DATED: September 26, 2012.

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gibs2428.3a+31

2