IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER F. GIBSON,

      Plaintiff,                    No. 2:12-cv-2428 KJN P

    vs.

SACRAMENTO COUNTY JAIL
et al.,
      Defendants.          ORDER

_____/

        Plaintiff is currently housed in the Sacramento County Jail,[1] and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. Because plaintiff provided the documents necessary to address his request, the motion for an order requiring the jail to produce his trust account statement is denied as moot.

---

[1] It is unclear whether plaintiff is in custody as a pretrial detainee, as a convicted prisoner, or on a parole violation. The court need not resolve this question here, because the same standards apply to analyzing medical care claims under the Fourteenth Amendment and the Eighth Amendment. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

1    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.
2 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing
3 fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court
4 will direct the appropriate agency to collect the initial partial filing fee from plaintiff's inmate
5 trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to
6 make monthly payments of twenty percent of the preceding month's income credited to
7 plaintiff's inmate trust account.  These payments will be forwarded by the appropriate agency to
8 the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing
9 fee is paid in full.  28 U.S.C. § 1915(b)(2).

10    The court is required to screen complaints brought by prisoners seeking relief
11 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
12 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
13 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
14 granted, or that seek monetary relief from a defendant who is immune from such relief.
15 28 U.S.C. § 1915A(b)(1),(2).

16    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
17 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
18 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
19 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
20 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
21 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
22 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
23 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
24 meritless legal theories or whose factual contentions are clearly baseless.")

25    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
26 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

2

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff names four defendants: Jane Doe, Nurse; John Doe, Deputy; Sacramento County Main Jail; and the Sacramento County Main Jail Medical Department. Plaintiff contends he was falsely accused of cheeking medications, and defendants Jane Doe and John Doe discontinued plaintiff's pain medications, without cause, in deliberate indifference to plaintiff's serious medical needs. Plaintiff seeks injunctive relief and money damages.

Plaintiff names the Sacramento County Main Jail, and the Sacramento County Main Jail Medical Department as defendants, but fails to include charging allegations against them. To state a claim against a municipality under § 1983, plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality. Corez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (9th Cir. 1978). Therefore, a plaintiff cannot state a § 1983 claim against a municipal defendant unless he alleges that the municipal defendant maintained a policy or custom pertinent to the plaintiff's alleged injury and explains how such a policy or custom caused his injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006).

Plaintiff has failed to identify any policy or custom that allegedly caused his injuries. Plaintiff is granted leave to amend, if he can, to include allegations against these defendants.

The other two defendants are identified as "John Doe" and "Jane Doe." Plaintiff describes "Jane Doe" as a nurse and "John Doe" as a defendant; however, he also references "Dr. Doe" in his allegations. Plaintiff claims that "nursing staff and deputy -- 'Jane and John Doe' again had plaintiff's meds discontinued." (Id. at 4.) "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Moreover, absent a name, the court is unable to order service of process on the individual. Plaintiff may review his medical records at the jail, and should be able to review the order discontinuing his medications so that he can obtain the name or names of the person responsible. If plaintiff is unable to determine the individual's name, he must plead sufficient facts to enable the individual to be identified. The job titles "nurse" and "custody staff" are insufficient.

Plaintiff states that he seeks criminal relief based on his allegations, without reference to any particular criminal statute. When a criminal statute is violated, the question of whether to prosecute and what criminal charges to bring are decisions that generally rest in the discretion of the prosecutor, not the court. United States v. Batchelder, 442 U.S. 114, 124 (1979); see Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2d Cir. 1973) (prosecution of state officials for alleged violation of inmates' federal civil rights is for discretion of U.S. Attorney). Criminal statutes generally do not provide a private cause of action or a basis for civil liability. See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit); Pawelek v. Paramount Studios Corp., 571 F.Supp. 1082, 1083 (N.D. Ill.1983) (no private cause of action inherent in federal criminal statutes defining civil rights violations). Plaintiff fails to state any cognizable state law claims based on defendants' alleged violation of California criminal statutes. Thus, plaintiff should not renew such claims in any amended complaint.

////

1           Finally, plaintiff fails to allege facts sufficient to demonstrate an Eighth
2   Amendment violation. Deliberate indifference to a prisoner's serious medical needs amounts to
3   the cruel and unusual punishment prohibited by the Eighth Amendment. Estelle v. Gamble, 429
4   U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two
5   requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the
6   official is, subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v.
7   Brennan, 511 U.S. 825, 834 (1994). Accordingly, evaluating a claim of deliberate indifference
8   necessitates examining "the seriousness of the prisoner's medical need and the nature of the
9   defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),
10  overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.
11  1997) (en banc). "A 'serious' medical need exists if the failure to treat a prisoner's condition
12  could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id.
13  (quoting Estelle, 429 U.S. at 104). A prison official exhibits deliberate indifference when he or
14  she knows of and disregards a substantial risk of serious harm to inmate health. See Farmer, 511
15  U.S. at 837. The official must both know of "facts from which the inference could be drawn"
16  that an excessive risk of harm exists, and he or she must actually draw that inference. Id.

17          Plaintiff's allegations fail to demonstrate that Jane or John Doe knew that a
18  substantial risk of serious harm to plaintiff's health existed, yet disregarded that risk. Rather,
19  plaintiff alleges facts showing that his medications were discontinued based on an allegation that
20  plaintiff "cheeked" his medications. Plaintiff alleges that the "cheeking" allegation was false, but
21  fails to allege that either defendant knew the allegation was false, or that either defendant knew
22  that by discontinuing the medications plaintiff would suffer an excessive risk of harm.[2]

23          In addition, it appears plaintiff challenges the subsequent discontinuation on
24  September 1, 2012, but it is unclear whether plaintiff also challenges the initial discontinuation

---

[2] In one grievance, the coordinator stated that "non essential medication including pain medication" would be discontinued in the event of "cheeking." (Dkt. No. 1 at 5.)

of his pain medication on April 11, 2012.  Plaintiff includes no factual allegations as to who issued the initial discontinuation.

        Therefore, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Finally, on October 15, 2012, plaintiff submitted "legal arguments and evidence in support of his § 1983 complaint." (Dkt. No. 8.)  Plaintiff is cautioned that he must include all his factual allegations in one pleading; plaintiff cannot rely on attached exhibits to express his claims.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.  Moreover, plaintiff need not submit evidence at this time; in particular, medical records supporting his claims of injury will

6

not be required until a dispositive motion is filed, or at jury trial.  Plaintiff should include specific factual allegations in the complaint.

>In accordance with the above, IT IS HEREBY ORDERED that:

>1. Plaintiff's request for leave to proceed in forma pauperis (dkt. no. 6) is granted.

>2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

>3. Plaintiff's motion to produce trust account statement (dkt. no. 2) is denied as moot.

>4. Plaintiff's complaint is dismissed.

>5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

>>a. The completed Notice of Amendment; and

>>b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  February 4, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gibs2428.14

```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10  CHRISTOPHER F. GIBSON,
11          Plaintiff,              No. 2:12-cv-2428 KJN P
12      vs.
13  SACRAMENTO COUNTY JAIL
    et al.,                         NOTICE OF AMENDMENT
14          Defendants.
15  _____/
16          Plaintiff hereby submits the following document in compliance with the court's
17  order filed _____:
18          _____        Amended Complaint
19  DATED:
20
21                                  _____
                                    Plaintiff
22
23
24
25
26
```