IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER F. GIBSON,

        Plaintiff,                    No. 2:12-cv-2428 KJN P

    vs.

SACRAMENTO COUNTY
SHERIFF DEPARTMENT, et al.,

        Defendants.              ORDER
_____/

       Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

1

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

On October 15, 2012, plaintiff filed a motion for production of documents in which he seeks discovery. Plaintiff is advised that no defendant has yet been served with process in this action, so his motion for discovery is premature. Once defendants are served and make an appearance, the court will issue a discovery order. Moreover, discovery requests are submitted to the parties in the case. Discovery requests shall not be filed with the court except when required by Local Rules 250.1, 250.2, 250.3 and 250.4. Accordingly, plaintiffs motion for discovery is denied as premature.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (dkt. no. 8) is denied without prejudice; and

2. Plaintiff's motion for production of documents (dkt. no. 7) is denied without prejudice.

DATED: February 4, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gibs2428.31.kjn